**In re Dushan S. ZDRAVKOVICH, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 04–BG–751.**

District of Columbia Court of Appeals.

Submitted Jan. 12, 2006.

Decided Feb. 2, 2006.

Before FARRELL and FISHER,
Associate Judges, and BELSON, Senior
Judge.

1. Respondent's disciplinary history in this ju-
risdiction consists of a nine month suspension
in an unrelated disciplinary matter. *In re
Zdravkovich,* 831 A.2d 964 (D.C.2003).

PER CURIAM:

In this reciprocal disciplinary proceeding against respondent Dushan S. Zdravkovich,[1] the Board on Professional Responsibility ("Board") has recommended to this court that reciprocal and identical discipline of disbarment be imposed.

On June 14, 2004, the Maryland Court of Appeals disbarred respondent for intentional misappropriation of client funds and failure to respond to requests for information made by Maryland Bar Counsel. In its decision, the Maryland Court of Appeals rejected respondent's contentions that the misappropriation was due to negligence and that his client had authorized him to access the funds. Respondent did not report this discipline to Bar Counsel as required by D.C. Bar R. XI, § 11(b). On June 25, 2004, after receiving notice of this discipline, Bar Counsel notified this court. On July 12, 2004, we ordered that respondent's then current suspension from a prior disciplinary matter remain in effect and that he also be suspended pursuant to D.C. Bar R. XI, § 11(d). We also directed the Board to recommend whether identical, greater, or lesser discipline should be imposed as reciprocal discipline, or whether the Board should proceed *de novo.* The Board recommends reciprocal and identical discipline of disbarment. Bar Counsel has not filed an exception. Although respondent filed an exception, he subsequently failed to file the required brief as directed by this court.[2] This matter thus is presented to this court as unopposed.

2. Respondent initially challenged the Maryland Court of Appeals finding and cited to his motion to reconsider that was subsequently denied by the Maryland Court of Appeals on July 23, 2004. This court granted numerous extensions to respondent to file his brief. Ul-

In its report and recommendation, the Board found that the record supported the imposition of reciprocal and identical discipline. D.C. Bar R. XI, § 9(g)(1) provides that we "shall accept the findings of fact made by the Board unless they are unsupported by substantial evidence of record, and shall adopt the recommended disposition of the Board unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." *In re Zdravkovich, supra,* n. 1, 831 A.2d at 972. Here, the record supports that respondent received due process in the Maryland proceeding, proof was adequate to establish the violations in that proceeding, the imposition of the same sanction here would not lead to grave injustice, and the misconduct would not warrant substantially different discipline.

A rebuttable presumption exists that "the discipline will be the same in the District of Columbia as it was in the original disciplining jurisdiction." *In re Goldsborough,* 654 A.2d 1285, 1287 (D.C.1995) (citing *In re Zilberberg,* 612 A.2d 832, 834 (D.C.1992)); *In re Zdravkovich, supra,* n. 1, 831 A.2d at 968. Respondent's misconduct, which was detailed in the Maryland Court of Appeals' order of disbarment, includes misappropriation, which warrants disbarment in this jurisdiction. *See In re Carlson,* 802 A.2d 341, 348 (D.C.2002) (citing *In re Addams,* 579 A.2d 190, 191 (D.C. 1990) (en banc)). As we find support in the record for the Board's findings, we accept them, and adopt the sanction the Board recommended. Accordingly, it is

ORDERED that Dushan S. Zdravkovich be disbarred from the practice of law in the District of Columbia and for purposes of reinstatement the time period shall be-

timately, respondent's motion to file his lodged brief out of time was denied on Sep-

gin after respondent has served his nine month suspension as directed in *In re Zdravkovich, supra,* n. 1, 831 A.2d at 972. However, the time period for reinstatement shall not begin until respondent files his affidavit as required by D.C. Bar R. XI, § 14(g).

*So ordered.*